UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20280-CIV-ALTONAGA

CHRISTOPHER VEGA,

     Petitioner,

v.

WARDEN, MIAMI FCI,

     Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court upon *pro se* Petitioner, Christopher Vega's Petition for Writ of Habeas Corpus under 28 U.S.C. [section] 2241 [ECF No. 1] and attached Memorandum of Law [ECF No. 1-1].  Petitioner claims that the Federal Bureau of Prisons ("BOP") violated his due process rights by depriving him of good time credits as a result of a Disciplinary Hearing Officer's ("DHO['s]") findings.  (*See* Mem. 2–3).  Respondent filed a Response [ECF No. 6], and a Notice of Filing Exhibits [ECF No. 11].[1]  Petitioner did not file a reply, and the time to do so has passed.  For the reasons explained below, the Petition is denied.

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Miami.  (*See* Pet. 1).[2]  He is serving a sentence entered on September 20, 2017, for possession of heroin with intent to

---

[1] Volume I [ECF No. 11-1] contains Exhibit B, Administrative Remedy History; Volume II [ECF No. 11-2] contains Exhibit C, Administrative Remedies Declaration, Kevin Littlejohn (hereinafter "Declaration"); Volume III [ECF No. 11-3] contains Exhibit D, Notice of Disciplinary Hearing; Volume IV [ECF No. 11-4] contains Exhibit E, Incident Report 3592336 (hereinafter "Incident Report"); and Volume V [ECF No. 11-5] contains Exhibit F, DHO Report and Exhibits (hereinafter "DHO Report").

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

distribute and possession of firearms in furtherance of a drug trafficking crime. *See United States v. Vega*, Case No. 6:17-cr-06015, J. [ECF No. 45] filed Sept. 26, 2017 (W.D.N.Y.).

On February 2, 2022, Petitioner was served with a "Notice of Disciplinary Hearing Before the (DHO)" based on the alleged violation of "use of drugs/alcohol." (Notice of Disciplinary Hr'g). The allegation followed written confirmation from Phamatech Laboratories on February 1, 2022, that a specimen received from Petitioner on January 25, 2022, tested positive for Buprenorphone/Norbuprenorphone. (*See* Incident Report 1). Following a March 9, 2022 hearing, the DHO entered a written decision finding that "[b]ased on the chain of custody form, lab report, memorandum from Health Services, and the written report, the DHO determined that [Petitioner] committed the prohibited act of use of drugs[.]" (DHO Report 3) (alterations added). The DHO sanctioned Petitioner by taking away 41 days of good time credits. (*See* Pet. 2; DHO Report 3).

Petitioner appealed, and the southeast regional office denied the appeal, stating that "[t]he required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense." (Admin. Remedy History 5 (alteration added)). Petitioner's subsequent attempts to appeal at the central office level were unsuccessful due to alleged procedural defects. (*See* Pet. 3; Decl. 4–5).

Petitioner docketed the instant Petition on January 24, 2023.

## II.  STANDARDS

Prisoners have a liberty interest in good time credits, and when those credits are taken away, a prisoner is entitled "to those minimum procedures appropriate under the circumstances and required by the Due Process Clause" to ensure that the credits were not taken away arbitrarily. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Specifically, prisoners have the following due process rights when a protected liberty interest is at stake: (1) written notice of the charges against them at least 24 hours in advance of the hearing; (2) the opportunity to call witnesses and present

documentary evidence when not unduly hazardous to institutional safety or correctional goals; and

(3) a written statement of the evidence relied on and the reasons for the disciplinary action taken.

*See id.* at 563–66.

The Supreme Court has held that "the requirements of due process are satisfied if some

evidence supports the decision by the prison disciplinary board to revoke good time credits."

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).   Additionally,

"[a]scertaining whether this standard is satisfied does not require examination of the entire record,

independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the

relevant question is whether there is any evidence in the record that could support the conclusion

reached by the disciplinary board."   *Id*. at 455–56 (alteration added; citations omitted).   The

Eleventh Circuit has further clarified that:

> The federal courts cannot assume the task of retrying all prison disciplinary
> disputes. No de novo review of the disciplinary board's factual finding is required,
> but the courts must consider whether at least the decision is supported by some
> facts—whether any evidence at all supports the action taken by the prison officials.

*Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994) (quotation marks omitted; quoting *Smith v.*

*Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).

### III.  DISCUSSION

### A.  Exhaustion of Administrative Remedies

Prior to initiating a proceeding under 28 U.S.C. section 2241, a petitioner must exhaust his

administrative remedies.  *See Santiago-Lugo v. Warden*, 785 F. 3d 467, 475 (11th Cir. 2015).  The

exhaustion requirement is not jurisdictional, so a district court "may skip over the exhaustion issue

if it is easier to deny . . . the petition on the merits without reaching the exhaustion question."

*Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 859 (11th Cir. 2020) (alteration added;

quoting *Santiago-Lugo*, 785 F.3d at 475).  Here, it is easier to deny the Petition on the merits, and

so the Court will skip over the exhaustion issue.

### B.  The Merits

Petitioner asserts that he provided a correctional officer with a urine specimen that was signed and sealed "all according to the BOP policy and procedure." (Mem. 1).  He states that "a second urinalysis was requested due to the first specimen not having a sufficient amount per policy." (*Id*. 1–2).  Petitioner argues that BOP staff then violated policy and procedure by failing to seal the second specimen in his presence as well as "failing to label the specimen, and failing to have [Petitioner] certify the specimen by signing the laboratory form." (*Id*. 2 (alteration added)).

The Court begins by considering the procedural factors announced by the Supreme Court in *Wolff*, 418 U.S. at 563–66.  First, as stated, Petitioner received written notice of the charge against him on February 2, 2022, and his disciplinary hearing was not held until March 9, 2022. (*See* Notice of Disciplinary Hr'g; DHO Report 1).  Petitioner thus received written notice of the charge against him more than 24 hours in advance of his disciplinary hearing.  *See Wolff*, 418 U.S. at 563–64.

Second, Petitioner waived his opportunity to call witnesses and present documentary evidence.  (*See* DHO Report 2).  Instead, Petitioner simply stated, "this is not true, the testing process was not done incorrectly." (*Id*. 1).  The second factor is thus satisfied.  *See Wolff*, 418 U.S. at 566.

Finally, the "specific evidence relied on to support findings" section of the DHO Report provided Petitioner with a written statement of the evidence relied on and the reasons for the disciplinary action taken. (DHO Report 2–3); *Wolff*, 418 U.S. at 563.  Because all the factors are satisfied, the Court concludes that Petitioner received all due process rights to which he was entitled in his disciplinary proceeding.

Additionally, as stated, the Court need only decide whether "some evidence supports the

4

decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455.  Here, the DHO relied "on the facts presented in the body of the written report[.]"  (DHO Report 2) (alteration added).  In brief, a sample received from Petitioner tested positive for Buprenorphone/ Norbuprenorphone, and a check of his medical records by a registered nurse revealed that he had not been prescribed any medication that would cause a positive reading for that substance.  (*See id*. 2–3).  Moreover, the chain of custody form contained Petitioner's signature verifying that the container was sealed with a tamper-proof seal in his presence and that the specimen number provided on the form and affixed to the specimen container were the same.  (*See id*. 3).  Finally, beyond his own statement, Petitioner provided no evidence to support his allegations.  (*See id*.).

Simply put, there is no evidence to corroborate Petitioner's claims concerning a second urine sample.  (*See id*.).  The Court concludes that "some evidence supports the decision by the prison disciplinary board to revoke good time credits."  *Hill*, 472 U.S. at 455; *see also Higgs v. Bland*, 888 F.2d 443, 449 (6th Cir. 1989) (concluding that a positive drug test constitutes "some evidence" from which a prison disciplinary board could conclude that a tested inmate was guilty of the offense of drug use).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DENIED**.  Final judgment will issue by separate order.  The Clerk shall close the case.

**DONE AND ORDERED** in Miami, Florida, this 24th day of February, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
     Petitioner, *pro se*

5